IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 28 PM 4: 52

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CHRISTINE LEWIS,

      Plaintiff,

vs.

MID-SOUTH TRANSPORTATION
MANAGEMENT, INC., et al.,

      Defendant.

No. 05-2492-Ma/P

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

      Plaintiff Christine Lewis filed a pro se complaint
pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
2000e et seq., and the Age Discrimination in Employment Act
("ADEA"), 29 U.S.C. § 621 et seq., on July 11, 2005, along with a
motion seeking leave to proceed in forma pauperis. Based on the
information set forth in the plaintiff's affidavit, the motion to
proceed in forma pauperis is GRANTED. The Clerk shall record the
defendants as Mid-South Transportation Management, Inc. ("MTM") and
the Amalgamated Transit Union Local 713.

      The Court is required to screen in forma pauperis
complaints and to dismiss any complaint, or any portion thereof, if
the action—

      (i)      is frivolous or malicious;

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _12-9-05_

3

(ii)        fails to state a claim on which relief may be
granted; or

(iii)       seeks monetary relief against a defendant who
is immune from such relief.

28 U.S.C. § 1915(e)(2). One aspect of plaintiff's complaint is
subject to dismissal.

"In order for federal courts to have subject matter
jurisdiction of [employment discrimination] claims, the claimant
must first unsuccessfully pursue administrative relief." Ang v.
Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). Moreover,
any complaint filed by the plaintiff must be "limited to the scope
of the EEOC investigation reasonably expected to grow out of the
charge of discrimination." EEOC v. Bailey Co., 563 F.2d 439, 446
(6th Cir. 1977) (internal citations omitted). In dealing with pro
se litigants, courts have tended to be more lenient in their
assessment of what is contained in the charge and its relationship
to the content of the complaint. As the Sixth Circuit explained:

> One reason for the expanded rule is that charges are
> frequently filed by lay complainants, and the courts
> recognize that subsequent actions should not be
> restricted by the failure of a complainant to attach the
> correct legal conclusion to the EEOC claim, conform to
> procedural technicalities, or include "the exact wording
> which might be required in a judicial pleading."

Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463
(6th Cir. 1998) (citation omitted); see also Ang, 932 F.2d at 546
(declining to broadly construe a Title VII charge because the
plaintiff "was assisted by counsel throughout the administrative
investigation. Liberal construction is not necessary where the
claimant is aided by counsel in preparing his charge."). Thus,

2

"where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. <u>Davis</u>, 157 F.3d at 463.

Although the plaintiff has not attached a copy of her EEOC charge to the complaint, she has attached copies of the determination of the Tennessee Human Rights Commission and the right to sue letter received from the EEOC. The determination of the Tennessee Human Rights Commission identifies the respondent as Mid-South Transportation Management, Inc. As the plaintiff has not exhausted her Title VII and ADEA claims with respect to the Amalgamated Transit Union Local 713, the Court DISMISSES the complaint with respect to that defendant, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil

---

[1]    However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

cases." <u>Farmer v. Haas</u>, 990 F.2d 319, 323 (7th Cir. 1993).
Generally, a court will only appoint counsel in exceptional
circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn.
1977). Although "no comprehensive definition of exceptional
circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th
Cir. 1982), courts resolve this issue through a fact-specific
inquiry. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir.
1986). Examining the pleadings and documents in the file, the Court
analyzes the merits of the claims, the complexity of the case, the
<u>pro se</u> litigant's prior efforts to retain counsel, and her ability
to present the claims. <u>Henry v. City of Detroit Manpower Dep't</u>, 763
F.2d 757, 760 (6th Cir. 1985); <u>Wiggins v. Sargent</u>, 753 F.2d 663,
668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil
cases only if a litigant has made "a threshold showing of some
likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174
(2d Cir. 1989).[2] At this stage of the proceedings, before the Court
has had the opportunity to assess the strength of plaintiff's case,
the Court is unable to conclude that plaintiff has satisfied that
standard. Moreover, a review of this complaint indicates that the
case is not so complex that the Court should exercise its
discretion to appoint counsel at this time. Furthermore, it does

---

[2] The Second Circuit elaborated: "Courts do not perform a useful
service if they appoint a volunteer lawyer to a case which a private lawyer would
not take if it were brought to his or her attention. Nor do courts perform a
socially justified function when they request the services of a volunteer lawyer
for a meritless case that no lawyer would take were the plaintiff not indigent."
<u>Id.</u>

not appear from the affidavit supporting plaintiff's motion that she will be unable to obtain counsel on her own. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the remaining defendant, MTM, and deliver said process to the marshal for service. Service shall be made on MTM pursuant to Fed. R. Civ. P. 4(h)(1). Service on the defendant shall include a copy of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __23d__ day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02492 was distributed by fax, mail, or direct printing on December 9, 2005 to the parties listed.

---

Christine Lewis
1857 Rugby Place
Memphis, TN 38127

Honorable Samuel Mays
US DISTRICT COURT